IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 10-cv-02665-WDM-MJW

CYNTHIA HERRERA,

    Plaintiff,

v.

AMERICAN GENERAL LIFE INSURANCE COMPANY,

    Defendant.

## ORDER ON MOTION TO REMAND

Miller, J.

    This case is before me on the Plaintiff's Motion to Remand (ECF No. 10). Defendant opposes the motion. Defendant removed this case to this Court on November 1, 2010 (ECF No. 1) on the basis of diversity jurisdiction. 28 U.S.C. § 1332. In the Notice of Removal, Defendant alleges that Defendant is a Texas corporation with its principal place of business in Texas. Defendant further alleges that Plaintiff is a citizen of Colorado, as was her decedent. According to Plaintiff's complaint, Plaintiff is a resident of Colorado.

    Plaintiff does not actually dispute these alleged facts but merely argues that Defendant's allegations are insufficient to establish that Defendant is a citizen of Texas, because it has not been specifically alleged that Defendant is incorporated in Texas and Defendant has not offered specific facts to show that Defendant's "nerve center" is in Texas. Plaintiff further argues that her residency does not establish her state citizenship. These arguments are groundless; the allegations are sufficient to establish

the diverse citizenship of the parties.

As noted by Defendant, a corporation is deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Defendant affirmatively alleged both its state of incorporation and principal place of business. This is adequate, particularly given the lack of actual dispute on the issue; moreover, Defendant has submitted an affidavit attesting to these facts as well. Similarly, Plaintiff's assertion that her own allegation regarding her residency in Colorado, combined with Defendant's allegation regarding her citizenship, is insufficient to establish diverse citizenship is specious. *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006) ("For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."); *State Farm Mut. Auto Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile."). Again, Plaintiff does not dispute that she is a citizen of Colorado; additionally, Defendant has submitted a supplemental affidavit with additional evidence showing that Plaintiff's domicile has been, is, and presumably will continue to be in Colorado. Under the circumstances, the

motion to remand lacks any meaningful basis.

Accordingly, it is ordered:

1. Plaintiff's Motion to Remand (ECF No. 10) is denied.

DATED at Denver, Colorado, on January 19, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge